THE PEOPLE *ex rel.* S. C. HASTINGS *v.* ANDREW P. JACKSON AND JOHN DEVLIN.

COMPLAINT—CANCELLATION OF PATENT.—A complaint in an action in the name of The People on the relation of a private individual, to cancel a patent for a tract of land issued by the State to the defendant, which merely avers that the relator is seized and possessed of the land, and that his title was derived from the State of California under and by virtue of the location of a school warrant made under and in accordance with the provisions of an Act of the Legislature, that said location was duly and properly made, and in all respects according to the provisions of said Act, does not state facts sufficient to constitute a cause of action.

PLEADING—CONDITIONS PRECEDENT.—In pleading title to land, under an Act of the Legislature which prescribes conditions upon the performance of which the title may be secured, it is necessary to aver a performance of all the acts required by the statute.

SAME.—A general averment of the performance of conditions precedent is sufficient in cases of contract, but, in all other cases, the facts showing a performance must be specially pleaded.

AFFIRMANCE OF JUDGMENT—EFFECT OF.—Where a demurrer to a complaint is sustained in the Court below, and plaintiff declines to amend, and appeals from the judgment and the order sustaining the demurrer, the Supreme Court, if it affirm the judgment, cannot grant plaintiff leave to amend his complaint.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The complaint, besides averring plaintiff's claim of title under a school warrant, also alleged that defendant Jackson claimed under a patent from the State, and the defendant

Devlin has purchased under him with full notice and knowledge of relator's rights. That defendant Jackson acquired his rights subsequent to the location under which plaintiff claims, and in fraud of relator procured a patent to be issued clandestinely in this, that no notice was given of the application to the State Register for the certificate on which the patent was issued.

The other facts are stated in the opinion of the Court.

*Whitman & Wells,* for Appellant.

*M. A. Wheaton,* for Respondent.

By the Court, SANDERSON, C. J.

This is an action in the name of The People of the State of California, on the relation of S. C. Hastings, to set aside and cancel a patent issued by the State of California to the defendant Jackson, for certain lands described in the complaint, under the provisions of the Act of April 16, 1859, entitled "An Act to provide for the issuance of patents to lands located with State school land warrants, and for lands purchased under the Act of April 23, A. D. 1858." A demurrer was interposed to the complaint, which was sustained by the Court. The plaintiff having declined to amend his complaint, a final judgment was rendered in favor of the defendants, from which the plaintiff appeals, and assigns as error the ruling of the Court upon the demurrer.

Several grounds of demurrer were alleged in the Court below, but they were all abandoned on the argument in this Court, except the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges, in substance, that the relator is seized and possessed, and for ten years last past has been seized and possessed and entitled to the possession of the tract of land described in the complaint. That his title to said land was derived from the State of California, through some grantor not named, under and by virtue of the location of a school war-

rant made under and in accordance with the provisions of the Act of the 3d of May, 1852, entitled "An Act to provide for the disposal of the five hundred thousand acres of land granted to this State by Act of Congress, that the people of the State of California may avail themselves of the benefit of the eighth section of the Act of Congress, approved April 4, A. D. 1841, Chapter Sixteen, entitled 'An Act to appropriate the proceeds of the sales of the public lands and to grant pre-emption rights,' the following provisions are hereby enacted." That said location was duly and properly made, and in all respects according to the provisions of said Act. That the relator has, by proper conveyance duly executed by the party making such location, succeeded to all the rights of said party in the land in question.

Having alleged title derived from the State under and by virtue of certain statutes, it is necessary for the plaintiff to allege specially a performance by him or his grantor of all the acts required by the provisions of those statutes. An averment that "the location was duly and properly made, and in all respects according to the provisions of said Act," is insufficient. The Act prescribes the conditions upon which the title of the State to the five hundred thousand acres of public land donated to her by the General Government may be secured. These conditions are conditions precedent, and their performance must be specially averred. It is for the Court, and not the pleader, to say whether those conditions have been duly complied with. The facts showing such performance must be pleaded. The sixtieth section of the Practice Act excuses the statement of the facts showing the performance of conditions precedent in cases of contract, and makes a general averment of performance sufficient. But this rule cannot be extended beyond the cases mentioned in the section. *Expressio unius, exclusio alterius est.* In all cases except contracts, the performance of conditions precedent must be specially pleaded.

This disposes of the appeal, and renders it unnecessary to pass upon the other points made upon the demurrer.

Judgment affirmed.

By the Court, SANDERSON, C. J., on petition for rehearing.

A rehearing must be denied.  Counsel for appellant seem to misapprehend the opinion which has been rendered in this case.   We have not passed upon the merits, but merely upon a question of pleading, holding that a general averment of performance of conditions precedent in a complaint is insufficient, except in cases arising out of contract.  What must be the *status* of the relator in order to enable him to attack the defendant's patent, we have not decided, but we have decided that a general averment that he has such a *status* is insufficient, and that the *facts* upon which he bases his right to attack the patent must be stated.   Whether the relator has such a *status* or not, is a conclusion of law to be drawn from the facts, and is a question for the Court and not the pleader.  It will be in time to pass upon the relator's right to attack the defendants' patent when the facts upon which that right is founded are properly presented.

We are asked to modify our judgment so as to grant the relator leave to amend his complaint.  However much we might be disposed to grant the petition in this respect, we are precluded from doing so by the course which counsel saw fit to pursue in the Court below.  We can only review the action of the Court below, and if that be found right, the only judgment which we can render is one of affirmance.   The relator had leave to amend his complaint in the Court below, but declined to do so—electing to stake his fortune upon the complaint as it then stood.   Had he asked leave to amend, and had leave to amend been refused, there would have been action on the part of the Court which we could review.   As it is, there has been no action in the Court below adverse to the relator's right to amend, and it follows that no action can be had upon the question in this Court.

The application for a rehearing and for a modification of the judgment must be denied.

Mr. Justice CURREY, having been of counsel, did not sit on the trial of this case.