## EMILE V. SUTTER *v.* THE CITY AND COUNTY OF SAN FRANCISCO.

APPEALABLE ORDERS.—Orders striking out immaterial portions of pleadings and orders sustaining demurrers are not appealable.

JUDGMENT ROLL.—Motions to strike out immaterial portions of pleadings are not parts of the judgment roll. They are no part of a record on appeal, unless made so by a statement.

PROPER JUDGMENT ON DEMURRER, NO REVERSAL TO ALLOW AMENDMENT.—When a demurrer to a complaint is properly sustained, with leave to amend, and the plaintiff declines to do so, the judgment will not be reversed on appeal in order to allow an amendment. There must be error to justify a reversal of a judgment.

PARTITION AMONG TENANTS IN COMMON.—A partition among tenants in common should be made of the entire tract. One tenant in common cannot have partition

of a part only of the entire common property, and have his entire interest located in this part.

PARTIES IN PARTITION.—In partition, all the tenants in common should be made parties. One tenant in common who owns an undivided interest consisting of a certain quantity, cannot have partition by making the original holder of the whole tract sole defendant, when he has sold divers parts thereof to various persons, but retains more than the quantity to which the plaintiff in the partition suit is entitled. All the grantees of the original owner should be joined as parties.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff, in his original complaint, deraigned title to his grantor, John A. Sutter, to a lot of land, consisting of one undivided hundred varas square, in the City of San Francisco, through a grant made by Edwin Bryant, the Alcalde of San Francisco, on the 1st day of February, 1847. On motion of Horace Hastings, the City Attorney, this part of the complaint was stricken out, as irrelevant and redundant. The plaintiff, on leave, filed an amended complaint, omitting that part of the first complaint showing deraignment of title, and containing the simple averment that the plaintiff was seized in fee as tenant in common with said defendant. The Court below sustained the demurrer to the amended complaint, with leave to the plaintiff to amend; but he declined to do so, and judgment by default was rendered against him.

The plaintiff appealed from the judgment alone, but inserted in the transcript the original complaint, and motion to strike out, and order sustaining the motion. There was no statement.

The other facts are stated in the opinion of the Court.

*E. A. Lawrence,* and *J. McM. Shafter,* for Appellant, confined their argument to points based upon the original grant to J. A. Sutter, averred in the first complaint.

*H. M. Hastings, City Attorney,* and *T I. Bergin,* for

15

Respondent, argued that the amended complaint only was before the Court, and that the grantees of the city, within the limits described in the complaint, were necessary parties; and cited Practice Act, Secs. 264 to 271, and *Corwithe* v. *Griffing*, 21 Barb. 9, and *De Uprey* v. *De Uprey*, 27 Cal. 335.

By the Court, SAWYER, C. J..

It is undoubtedly true that orders striking out immaterial portions of a pleading and orders sustaining demurrers are not appealable; and it is equally true that on an appeal from a judgment, without a statement, no question can be determined that is not presented by the judgment roll; and since these propositions have been announced over and over again, times almost without number, we should suppose that by this time it would have been found out that an attempt to maintain the contrary in oral or printed arguments is a useless expenditure of labor and money.

It is, also, equally plain, and equally well settled, that the motion and order to strike out portions of the original complaint, are no part of the judgment roll. (Practice Act, Sec. 203; *Harper* v. *Minor*, 27 Cal. 109; *Dimick* v. *Campbell*, 31 Cal. 239; *Sharp* v. *Daugney*, 33 Cal. 513.)

As there is no statement, these matters have no place in the transcript, and constitute no part of the record on appeal. The only question presented by the record, therefore, is, whether the demurrer to the amended complaint was properly sustained. And looking to the amended complaint, the demurrer to which was sustained, we find nothing about a grant to General Sutter, which is made the basis of the whole argument in appellant's briefs. It simply alleges that plaintiff is seized in fee, as tenant in common with said defendant, and in possession of an undivided interest, equal to one hundred varas square, in the premises described as "all that portion of the City and County of San Francisco bounded on the north and west by Mission street, on the south by the Bay of San Francisco, Mission Bay and Mission Creek, con-

tinued westerly in a straight line to Mission street, and on the east by Mission Bay and the Bay of San Francisco—which said interest of said plaintiff is one one-hundredth part of said premises;" that defendant has disposed of and parted with the title and possession of all the lands within said limits, except a small parcel described, bounded by lines the first and third of which are each two hundred seventy feet, the second fifty-five feet, and the fourth five hundred fifty feet long; and that defendant owns the entire interest in said last mentioned parcel, except the interest held by said plaintiff as tenant in common. Upon these allegations he asks a partition of the last named tract, and that a one hundred vara lot be set off to him out of said tract. The case thus presented is simply an ordinary case for partition. Defendant demurs on the ground that the facts stated do not constitute a 'cause of action, and the further grounds that the tenancy in common shown is in a much larger tract than that which he seeks to have partitioned, and that he shows other persons to be interested as owners in a large portion of the tract, who are necessary parties to the suit, but who are not made so, and that there is, consequently, a defect of parties.

The whole argument of appellant is based upon the mistaken idea, that there is a case before the Court different from that presented in the amended complaint. He seems to feel, if not concede, that if mistaken in this, he must fail, unless he is aided by the amendment made to section two hundred seventy-two of the Practice Act in 1866. We do not see how this provision can aid him. It does not appear to us to have any bearing whatever upon the question. If it did, it would require the whole land, and not a portion, to be partitioned between plaintiff and defendant, and then the grantees of defendant would be necessary parties, because they would be directly interested in having the partition so made, if it could be done without injury to plaintiff, that the lands which should be set off to the defendant should embrace the lands held by them. They would be still deeply inter-

ested in the partition to be made between the original co-tenants, and the necessity of making them parties, if any existed before the amendment, would not be obviated by it· (*Gates* v. *Salmon,* 35 Cal. 576.)

Besides, the Court, upon a full showing, is to determine the question, whether it is "impracticable and highly inconvenient to make a complete partition in the first instance among all the parties interested," and no such question was presented for the opinion of the Court, or determined.

The complaint shows no right to have the particular piece partitioned. Plaintiff's interest, *as alleged,* is in the entire tract, and not in that which remains unsold. The sale by defendant of portions of the tract could not pass *his* interest. He, as tenant in common, still has an undivided interest in the entire tract, and, if a partition is to be made, it must be made as to the whole. It would be necessary to consider the whole in making a partition, in order to determine the relative value of different parts. Different portions might be of greatly unequal value, and a tenant, who has an interest equal to the ratio of one hundred varas to the whole, would not be entitled to have the most valuable one hundred varas in the tract set off to him. The rights of the parties cannot be ultimately and finally determined without an examination and settlement of the rights of the parties as to the whole tract, and, to do this it would be necessary to make the grantees of the defendant parties, *Gates* v. *Salmon,* 35 Cal. 576; *Wilson* v. *Lassen,* 5 Cal. 116; *Hathaway* v. *De Soto,* 21 Cal. 192; *De Uprey* v. *De Uprey,* 27 Cal. 329, and *Morenhout* v. *Higuera,* 32 Cal. 289, are in accordance with this view.

We think the grantees of defendant, upon the facts stated in the amended complaint, necessary parties, and that the rights of the parties in the entire tract should be determined. The demurrer was properly sustained.

The appellant, however, asks that the case be sent back, with leave to amend. But this we cannot do. The Court granted leave to amend, so he had the opportunity, but

declined to embrace it. He chose to stake his case upon the demurrer, and final judgment was accordingly entered upon it. The appeal is from the judgment, and we find no error to vitiate it. We hold that the Court committed no error, so far as the record shows its action, and that the judgment is in all respects legal. We cannot, therefore, reverse it, for we find no error to justify such action, and plaintiff cannot now amend, because there is a valid final judgment; and there is nothing more to be done, without first reversing this judgment. It would be an anomaly in legal proceedings to hold the judgment in all respects correct, and then arbitrarily reverse it. But this point is settled. (*People* v. *Jackson*, 24 Cal. 633.) The party stands in a different position from that which he would occupy, in case he could appeal as he formerly could, from the order sustaining the demurrer; for, in that case, if he took his appeal in season the proceeding would be suspended at that point by the appeal, and no final judgment entered, and, upon the affirmance of the order sustaining the demurrer, there would be nothing in the way of his amending, and he could take up the proceeding at the point where he left off and proceed with his case. But now the case is ended by a final judgment already entered, in which no error has intervened whereon it can be reversed; and we are only authorized to review the action of the Court below and correct its errors.

Let the judgment be affirmed and the remittitur issue forthwith.