McKEOIN v. NORTHERN PAC. R. Co.

*(Circuit Court, D. Montana. January 15, 1891.)*

1. RAILROADS—RIGHT OF WAY—PLEADINGS.
    Where, in an action on an award of damages against the Northern Pacific Railroad Company for a right of way across plaintiff's land, the answer, after denying the allegations of the petition, sets up an easement of way under a grant by Act Cong. July 2, 1864, over the land, which at that time was public land, and alleges that plaintiff's entry thereon was subject to the grant, but fails to aver specifically a compliance with all the provisions of the statute which are prerequisites to the taking effect of the grant, and the replication admitted the grant, but alleged that the right of way across his farm was not the route selected under the terms of the statute, which had been located some years before several miles further south, and that the company's claim to a right of way under the grant was exhausted thereby, it was error to enter judgment for defendant on the pleadings.

2. AWARD FOR DAMAGES—ACTION—PLEADING.
    Where a complaint in an action on an award appraising damages sustained by plaintiff from the building of a railroad across his land sets out his ownership of the land, that defendant, a railroad corporation, has constructed its road over his premises, and appropriated a way therefor, the appointment of commissioners by a court of competent jurisdiction, their award, and the failure of defendant to pay the same, a cause of action is stated, without negativing any defense which defendant may have.

3. EVIDENCE—JUDICIAL NOTICE—MAP OF RIGHT OF WAY.
    Where the issue is as to the selection and location by defendant railroad company of a right of way across public land, under Act Cong. July 2, 1864, and the defendant omits to plead the specific acts constituting the alleged location, the court cannot take judicial notice of the filing of the map of its route with the secretary of the interior on February 21, 1872, or that the route thereby fixed was its general route, and not its definite route, the fixing of which required further surveys, although the map by the filing became a part of the department records.

At Law.

*J. H. Shober* and *J. W. Kinsley,* for plaintiff.
*Cullen, Sanders & Shelton,* for defendant.

KNOWLES, J.  This case was brought in the territorial district court. On motion of defendant, judgment was rendered against the plaintiff upon the pleadings. The plaintiff appealed from this judgment to the supreme court of the territory, and the case was pending there when Montana became a state in the Union. From this latter court it was transferred to this court, under the provisions of the act under which Montana was admitted into the Union. The ruling of the court in granting the motion for judgment on the pleadings is assigned as error.

The action in this case was brought on what may be called an award

appraising the damages plaintiff sustained by reason of the building by defendant of its railroad over and across plaintiff's land, described in his complaint, and appropriating a portion thereof for a way for said railroad. The complaint sets forth the ownership of this land to be in plaintiff; that defendant is a railroad corporation, formed by an act of the congress of the United States; that defendant constructed its road over said premises, and has appropriated 400 feet wide by 220 rods long for its way therefor; the appointment of commissioners by a court of competent jurisdiction to assess plaintiff's damages; their award, and the failure on the part of the defendant to pay the same. The complaint stated a cause of action. Plaintiff was not required to negative any defense defendant might have in its complaint. *U. S.* v. *Williams,* 6 Mont. 379, 12 Pac. Rep. 851. In answer to this complaint the defendant first denied specifically all the allegations in the complaint, and then set forth new matter, constituting a further defense. In this new matter defendant sought to set forth an easement in the nature of a way for its road over and across plaintiff's land by virtue of a grant to it under the act of congress of July 2, 1864, incorporating the Northern Pacific Railroad Company. It was incumbent for the defendant to set forth the material issuable facts showing this easement in this new matter. They could not be presented under the denial of title in plaintiff. *American Co.* v. *Bradford,* 27 Cal. 368; *Saunders* v. *Wilson,* 15 Wend. 338. Did the defendant set forth in this new matter facts sufficient to show that it had received a grant of a way for its road over plaintiff's land? The pleadings being under review in this court, it is a pertinent inquiry. In this new matter it is set forth that defendant had a grant of a way over the public lands of the United States by said act of congress of July 2, 1864; that at said date the lands claimed by plaintiff were public lands, and that plaintiff entered upon the same subject to this grant to defendant; and that defendant has constructed its road over and across the premises described in plaintiff's complaint, and upon its right of way granted to it by the act of congress aforesaid. The grant of the right of way to the Northern Pacific Railroad Company over the public lands of the United States was in the nature of a floating grant. It attached to no particular piece of land, until it was marked out and properly designated and appropriated for the purposes contemplated in said grant. See *Railroad Co.* v. *Alling,* 99 U. S. 475, where a similar grant is interpreted. In *People* v. *Jackson,* 24 Cal. 630, the court said:

"Having alleged title derived from the state under and by virtue of certain statutes, it is necessary for the plaintiff to allege specifically a performance by him or his grantor of all acts required by the provisions of these statutes."

The new matter constituting the defense to plaintiff's complaint should have set forth the facts which showed that defendant had a grant of this way over plaintiff's premises, and upon which it relied, as fully and as particularly as if being set forth in a complaint, and not in new matter constituting a defense. Pom. Rem. § 687.

Did the allegation that defendant had built its road over and across plaintiff's premises amount to sufficient to show defendant's grant had

attached to the premises of plaintiff, for which he seeks damages? It might be evidence of this fact, but it is not the allegation of a material issuable fact which shows defendant's right. The allegation, "and upon its right of way granted to it by congress," is really the allegation of a legal conclusion, thrown in by way of a recitation. No issue can be formed upon a legal conclusion. Id. § 524. What defendant should have alleged was the material issuable facts showing that it had located, marked out, and designated definitely this 400 feet wide by 220 rods long as its way, in pursuance to the aforesaid grant from congress. This congress left it to do by appropriate means, so that it could be known what particular portion of the public domain was appropriated by it for its way. The plaintiff did not object to this new matter in any way; neither did he answer the same directly. He contented himself with setting up new matter in a replication inconsistent with the defense defendant sought to interpose. All that defendant set forth might be true, and yet the facts set forth by plaintiff would show that the defendant had never received any grant of a way over plaintiff's premises. Plaintiff set forth in this replication, after admitting the grant to defendant of a right of way, and that defendant constructed its road about October, 1882, across his premises, that this was not the original route selected by defendant, but that the route for said road was determined, and notice thereof given by defendant to the proper office of the United States, on the 21st day of February, 1872, and that the way so selected did not traverse or encroach upon any of the lands of plaintiff, but passed said lands on a line parallel to, and some miles distant therefrom to the south, and that said company subsequently changed the line of the road to the land of plaintiff, and the premises described in this controversy. The defendant had a grant of but one right of way. The grant was for a railroad and telegraph line. When that was once definitely fixed the grant was satisfied, and it could not be changed by the act of the defendant alone. In the case of *Van Wyck* v. *Knevals*, 106 U. S. 366, 367, 1 Sup. Ct. Rep. 336, this language is used, which I think applicable to this point:

"The route must be considered as definitely fixed when it has ceased to be the subject of change at the volition of the company. Until the map is filed with the secretary of the interior, the company is at liberty to adopt such route as it may deem best, after an examination of the ground has disclosed the feasibility and advantage of different lines. But when a route is adopted by the company, and a map designating it is filed with the secretary of the interior, and accepted by that officer, the route is established. It is, in the language of the act, definitely fixed, and cannot be the subject of future change, so as to affect the grant, except upon legislative consent. No further action is required by the company to establish the route."

Admitting the allegations in the replication to be true, and defendant had once received all it was entitled to under its grant, and had no right under that grant to build its road over plaintiff's land. In the above decision the United States supreme court is undoubtedly speaking of the route as definitely fixed, and not of the general route designated to prevent the sale of public lands. The defendant urges that the court should

take judicial notice that the map referred to as filed with the secretary of the interior, and the route selected February 21, 1872, was the map of the general route of its road, and not of a route definitely fixed, and that said definite route was not then selected. I do not think the court can take judicial notice of the fact as to whether or not the Northern Pacific Railroad Company on February 21, 1872, or at any other time, filed its map selecting the fixed or general route of its road, or whether at that or any other time it selected the definite route of its road. The filing of a map was only one act in fixing a definite route. There had to be surveys, and the route had to be definitely defined. There had to be performed certain acts which would show that defendant's grant had become attached to certain and definite lands, and which it had adopted for that purpose. A court cannot take judicial notice of such acts. Even the filing of the map is not such an act as a court can take judicial notice of. The court might take judicial notice perhaps of an executive act, but the filing of such a map is not an executive act. The filing of the map in this case was really an act of the defendant, and not of the secretary of the interior. When indorsed "Filed," it became a record of the interior department, and I cannot see why a court should be called upon to take judicial notice of that record any more than of any other record in that department. The case of *U. S. v. Williams*, 6 Mont. 379, 12 Pac. Rep. 851, is not in point. In that case the question was whether the court would take notice of certain executive regulations concerning the cutting of timber on the public domain, made by the interior department in pursuance of an act of congress, and which regulations were to have the force of statutes. The argument of counsel in this case took a wide range, and in my opinion was not confined to the issues made or sought to be made in the pleadings. If the defendant had properly set forth the facts constituting an easement of a way over plaintiff's land, then the court would be called upon to determine whether or not plaintiff had properly met these allegations by his replication, or whether or not the new matter set up in the replication was the proper way to meet such allegations. If he had not, undoubtedly the defendant would have been entitled to judgment on the pleadings.

In the present state of the decisions in the federal courts there cannot be any doubt but that, if the defendant selected in proper manner and appropriated the right of way over plaintiff's premises as a part of the way for its railroad and telegraph line, in pursuance to the grant made to it on July 2, 1864, and the part of said premises now occupied as such way was public land on that date, plaintiff was not entitled to any damages for the same. He entered his land subject to this right of way.

For the reasons above the court finds there was error in granting this motion for judgment on the pleadings, and it is ordered that said judgment be, and the same is hereby, set aside, and that this cause be set down for trial in this court.