CRUZ ET AL., APPELLANTS, v. ORTIZ, RESPONDENT.

APPEAL from the District Court of Ponce.

No. 854.—Decided March 17, 1913.

AMENDMENT OF PLEADINGS—JUDGMENT ON APPEAL.—When a suit has been finally disposed of by virtue of a judgment rendered on appeal, the complaint which was the origin of the suit cannot be amended in the trial court and therefore it is not error for the court to deny such amendment.

The facts are stated in the opinion.
Mr. José A. Poventud for appellants.
Mr. José Tous Soto for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action instituted in the District Court for the judicial district of Ponce by Luisa and Liboria de la Cruz Kearney against Apolinar Ortiz to recover possession of a rural property with damages and other claims, in which action a demurrer to the complaint was filed and argued, the court held, in a judgment of April 29, 1911, that the law was in favor of the defendant and against the plaintiffs as regards the second ground of demurrer, to wit, that the complaint did not state facts sufficient to constitute a cause of action, and consequently dismissed the complaint, imposing the costs upon the defendants who appealed to this court from said judgment.

The appeal was decided by a judgment of December 20, 1911, which affirmed the judgment appealed from on the grounds stated in the opinion of the court.

It was stated in said opinion that in the demurrer to the complaint filed by the defendant the questions of defect of parties, estoppel, and prescription, were involved; that the lower court rendered judgment in favor of the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action without considering the defenses of

defect of parties and estoppel; that the appellants, in support of their appeal, alleged 15 errors, of which the first and last were substantially the same to the effect that the judgment was contrary to the law and the evidence; that if this assignment is sustained it is unnecessary to examine in detail all the questions stated in the other assignment; *that in an action of ejectment setting out a title by inheritance the brothers of the plaintiffs, Mauricio and Francisco, are necessary parties;* that the plaintiffs in their complaint claim a part of the land and in the prayer thereof ask the court to render a judgment declaring that three undivided fifths of said property belong to them and that the possessory title proceedings and their registration are void, and for a money judgment in the sum of $15,000 for rents, profits, and damages, not specifically praying for a declaration that the objectionable clause in the will is void but treating it as void *ipso facto,* and in fact they cannot recover unless it is void; that as an action of ejectment can be brought only by the legitimate owner to recover the property which belongs to him, it is a fundamental requisite in such an action that he must prove clearly and certainly that he is the owner of the property sought to be recovered and that it is in the possession of the defendant.

After having cited in the opinion the decision of this court in the case of *Velilla* v. *Pizá et al.,* 17 P. R. R., 1069, and a decision of the Supreme Court of Spain of June 13, 1901, from which judgments several paragraphs were transcribed, said opinion concludes as follows:

"Applying the principles announced in these decisions (those above cited) to the present case, we find that these plaintiffs, claiming the undivided interest of three of the five heirs of their mother, have prematurely instituted this action of ejectment and that the demurrer to the complaint was properly sustained on that account.

"It is unnecessary to discuss the other questions presented in the record. The judgment rendered by the trial court must be affirmed."

On January 22 of the year last past the plaintiffs filed a

motion in the District Court of Ponce requesting permission
to file the complaint which accompanied said motion and
which was amended, as they alleged, in accordance with the
decision of this court rendered on December 20 of the preced-
ing year.   Said amended complaint, among other allegations,
contained the following:

"That in March, 1909, the plaintiffs, Luisa and Liboria de la Cruz,
filed the original complaint in this case against co-defendant, Apolinar
Ortiz, and summoned him judicially to appear in this district court,
but did not make the co-heirs, Mauricio and Francisco de la Cruz,
parties to the action, for which reason, among others, Ortiz demurred
to the complaint, which demurrer was sustained by a judgment of
this court and said plaintiffs appealed therefrom to the Supreme
Court of the Island, where the judgment appealed from was affirmed
*on the sole ground* that said Mauricio and Francisco de la Cruz were
necessary parties to said action.   This judgment was rendered Decem-
ber 20, 1911   *   *   *."

The aforesaid motion was opposed by the defendant and
the district court overruled the same on March 14, 1912, con-
sequently refusing to admit the amended complaint on the
ground that it was absolutely powerless to do so inasmuch as
the Supreme Court had already rendered a final judgment
putting an end to the issue raised and rendering further pro-
ceedings impossible.

From said decision an appeal was taken to this court and
the same, together with the briefs of both parties, is now
before us for consideration.

Counsel for the appellant alleges as the legal grounds of
the appeal that the trial court committed error in overruling
the motion to file the amended complaint because said com-
plaint conformed to the rulings set forth in the opinion which
served as ground for the judgment rendered by this court
on December 20, 1911, affirming the judgment of the trial
court on the sole ground of non-joinder of parties defendant,
which defect could have been corrected; and that it also com-

mitted error in not admitting the amended complaint because of its lack of power so to do.

We have purposely abstracted the opinion which served as ground for the judgment of this court of December 20, 1911. That opinion shows that this court held not only that Mauricio and Francisco de la Cruz Kearney, brothers of Luisa and Liboria de la Cruz Kearney, should be parties to the action, but also that Luisa and Liboria could not be considered the sole and exclusive owners of the joint interest of the three-fifths part which they claimed in the property to which the ejectment refers, because they lacked title thereto, for which reason the demurrer to the complaint was duly sustained.

As may be seen, the first error alleged rests on a false understanding of the grounds for the judgment of December 20, 1911, which affirmed the judgment of the trial court not only because of non-joinder of parties, but because the facts alleged in the complaint did not constitute a cause of action. Such being the grounds of the judgment of December 20, 1911, the other error alleged in support of the appeal also falls, because the action commenced by Luisa and Liboria de la Cruz Kearney was terminated by a judgment rendered on appeal by this court on the date above mentioned. The case was completely closed and cannot now be opened in any manner, nor are there any available means of falling back on the proceedings and continuing the controversy.

The plaintiffs, Luisa and Liboria de la Cruz Kearney, could have petitioned the trial court to allow them to amend their complaint when said court held that the facts stated therein did not constitute a cause of action; but far from doing this they appealed to this court from the decision of the lower court, and in so doing they tacitly submitted to the result of the appeal, the decision of which put an end to the controversy. In the manner in which the case has been prosecuted the trial court acted in accordance with law.

In support of this doctrine we have the judgments ren-

dered by the Supreme Court of California in the cases of
*The People* v. *Jackson,* 24 Cal., 630, and *Sutter* v. *San Fran-*
*cisco,* 36 Cal., 116.

The appellants further allege that in case of the non-
admission of the amended complaint the dominion title
claimed by them would prescribe in favor of the defendant
and that therefore the commencement of a new trial upon a
new complaint would have no object.

This reason cannot lead us to reverse the order appealed
from, for if it is true, we would injure the rights already
acquired by the defendant in order to favor those of the
plaintiffs. The courts should abide strictly by the law.

For the foregoing reasons we are of the opinion that the
order appealed from, dated March 14 of the year last past,
should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.