CRUZ ET AL., APELANTES, *v.* ORTIZ, APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 854.—Resuelto en marzo 17, 1913.

ENMIENDA DE ALEGACIONES—SENTENCIA DICTADA EN APELACIÓN.—Cuando un pleito ha quedado definitivamente terminado por virtud de sentencia dictada en grado de apelación, no puede ser enmendada en la corte inferior la demanda que lo originó y, por lo tanto, no constituye error la denegación de la enmienda.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Jsoé A. Poventud.*

Abogado del apelado: *Sr. José Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En pleito seguido ante la Corte de Distrito del Distrito Judicial de Ponce por Luisa y Liboria de la Cruz Kearney contra Apolinar Ortiz sobre reclamación de dominio en finca rústica, daños y perjuicios y otros extremos, en que se opusieron excepciones previas a la demanda, discutidas y argumentadas dichas excepciones, aquella corte por sentencia de 29 de abril del año 1911, resolvió que la ley estaba a favor del demandado y en contra de los demandantes en cuanto a la segunda excepción previa, o sea por no aducir la demanda hechos suficientes para constituir una causa de acción, y en su consecuencia desestimó la demanda con las costas a los demandantes, los cuales interpusieron contra dicha sentencia recurso de apelación para ante esta Corte Suprema.

El recurso de apelación fué decidido por sentencia de 20 de diciembre de 1911, confirmando la sentencia apelada por las razones consignadas en la opinión del tribunal.

En dicha opinión se consignó que en las excepciones previas del demandado formuladas a la demanda, estaban en-

vueltas las cuestiones de defecto de partes, de *estoppel* y de prescripción; que la corte inferior dictó sentencia a favor del demandado por el fundamento de que la demanda no aducía hechos suficientes para determinar una causa de acción sin tomar en consideración las defensas de defecto de partes y *estoppel;* que los apelantes alegaban, en defensa del recurso, quince errores de los cuales el primero y último eran en sustancia iguales, pues tendían a probar que la sentencia era contraria a la ley y a la prueba presentada; que si ese error fué cometido, no era necesario examinar minuciosamente las demás cuestiones traídas a discusión; *que en una acción reivindicatoria en que se muestre un título hereditario, los hermanos de los demandantes, Mauricio y Francisco, son necesariamente partes;* que los demandantes alegan en su demanda que tienen derecho a una parte de la finca, y en la súplica piden se dicte sentencia declarando que les pertenecen tres quintas partes indivisas de dicha finca y que el expediente posesorio de ella y su inscripción en el Registro son nulos, ordenando además, se les pague la suma de $15,000 en concepto de rentas, productos y daños y perjuicios, sin que soliciten de modo específico la declaratoria de nulidad de cierta cláusula testamentaria de que se hace mérito en la demanda, sin cuya nulidad no podría tener lugar la reivindicación; y que no pudiendo entablarse la acción reivindicatoria sino por el verdadero dueño, es un requisito fundamental que el demandante pruebe por modo claro y preciso que es dueño de la finca que trata de reivindicar y que ésta se encuentra en posesión del demandado.

Después de invocarse en la opinión la sentencia de esta Corte Suprema en el caso de *Velilla v. Pizá,* 17 D. P. R., 1112, y otra sentencia del Tribunal Supremo de España de 13 de junio de 1901, de las cuales se transcriben algunos párrafos, dicha opinión termina así:

"Aplicando al presente caso los principios enunciados en estas sentencias (las anteriormente citadas) encontramos que estos apelantes que reclaman la porción indivisa correspondiente a tres de los cinco

herederos de su madre, han establecido prematuramente esta acción reivindicatoria, por lo que la excepción previa formulada a la demanda fué debidamente declarada con lugar. No es necesario discutir las demás cuestiones que aparecen de los autos. Debe confirmarse la sentencia dictada por la corte inferior.''

Las demandantes presentaron moción en 22 de enero del año próximo pasado a la Corte de Distrito de Ponce, solicitando se les concediera permiso para presentar la demanda que acompañaban, enmendada, según alegan, con arreglo a la sentencia de esta Corte Suprema de 20 de diciembre del año anterior, *Cruz et al.* v. *Ortiz*, 17 D. P. R., 1180, dicha demanda enmendada, entre otras alegaciones, contiene la siguiente:

''Que en el mes de marzo de 1909, las demandantes Luisa y Liboria de la Cruz, presentaron la demanda original en este caso contra, y citaron judicialmente ante esta misma corte del distrito, al codemandado Apolinar Ortiz, pero no hicieron parte en el pleito a los coherederos Mauricio y Francisco de la Cruz, por cuyo motivo y por otros más, se excepcionó previamente dicha demanda por el Sr. Ortiz, cuya excepción fué sostenida por sentencia de esta corte, la que se apeló por dichas demandantes al Tribunal Supremo de la isla, resolviendo éste confirmar la sentencia apelada *por el solo fundamento* de que los referidos Mauricio y Francisco de la Cruz eran partes necesarias en dicho asunto, la cual sentencia fué dictada en diciembre 20 de 1911. * * *.''

Tal moción fué impugnada por la parte demandada y la corte de distrito la desestimó por resolución de 14 de marzo de 1912, denegando en su consecuencia la presentación de la demanda enmendada por carecer en absoluto de facultad para admitirla, toda vez que ya por esta Corte Suprema se ha dictado sentencia definitiva que ha puesto término a la cuestión entablada haciendo imposible su continuación.

Dicha resolución ha sido apelada para ante esta Corte Suprema, y está hoy sometida a nuestra consideración, con alegatos escritos de ambas partes.

Como motivos legales de su recurso, alega la representación de la parte apelante que la corte inferior cometió error

al desestimar la moción para radicar la demanda enmendada, pues ésta se ajustaba a los principios consignados en la opinión que sirvió de fundamento a la sentencia pronunciada por esta Corte Suprema en 20 de diciembre de 1911, confirmatoria de la de la corte inferior por el único defecto de falta de partes demandantes, falta que podía subsanarse y que también incurrió en error al dejar de admitir la demanda enmendada por carecer de facultades para ello.

De propósito hemos extractado la opinión que sirvió de fundamento a la sentencia de ésta Corte Suprema de 20 de diciembre de 1911. Ella muestra que además de estimar esta corte que Mauricio y Francisco de la Cruz Kearney, hermanos de Luisa y Liboria de los mismos apellidos, debían ser partes en el juicio, estimó también que la Luisa y la Liboria no podían ser consideradas dueñas únicas y exclusivas de las participaciones de condominio de las tres quintas partes de condominio que reclamaban sobre la finca a que se refiere la reivindicación por carecer de título para ello, por lo que la excepción previa formulada a la demanda fué debidamente declarada con lugar.

Como se ve, el primer error alegado descansa en una falsa apreciación de los fundamentos de la sentencia de 20 de diciembre del año 1911 que confirmó la de la corte inferior, no sólo por haber defecto de partes, sino porque los hechos alegados en la demanda no determinaban una causa de acción. Siendo estos los fundamentos de la sentencia de 20 de diciembre de 1911, cae también por su base el otro error alegado para sostener el recurso, pues el juicio iniciado por Luisa y Liboria de la Cruz Kearney terminó por la sentencia que en grado de apelación pronunció esta corte en la fecha ya expresada. El caso quedó completamente cerrado y ya no puede abrirse en forma alguna, ni hay términos hábiles para retroceder en el procedimiento y continuar la contienda.

Las demandantes Luisa y Liboria de la Cruz Kearney pudieron solicitar de la corte inferior que se les permitiera

enmendar su demanda cuando esa corte estimó que los hechos expuestos en la misma no determinaban una causa de acción; lejos de hacerlo así, acudieron en apelación ante esta Corte Suprema contra la resolución de la corte inferior, y al proceder así se sometieron tácitamente a las resultas del recurso, cuya decisión puso término a la contienda empeñada. En la forma en que el caso ha sido llevado, la corte inferior ha procedido con arreglo a derecho.

En apoyo de la doctrina establecida vienen las sentencias de la Corte Suprema de California, dictadas en los casos de *People* v. *Jackson,* 24 Cal., 630 y *Sutter* v. *San Francisco,* 36 Cal., 116–117.

Alégase, además, por la parte apelante, que de no admitírsele la demanda enmendada se encontraría prescrito en favor de los demandados el dominio que reclama, y carecería por tanto de objeto la iniciación de un nuevo juicio mediante nueva demanda.

Semejante razón no puede conducirnos a la revocación de la orden apelada, pues si aquella es cierta, perjudicaríamos los derechos ya adquiridos por el demandado para favorecer los del demandante. Los tribunales deben atenerse estrictamente a la ley.

Por las razones expuestas, opinamos debe confirmarse la orden apelada de 14 de marzo del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.