# THE SUPREME COURT

### OF THE

# STATE OF CALIFORNIA.

96    1
124   548
124   549

[14830.   Department One. — August 20, 1892.]

## ELIZABETH CORCORAN, BY HER GUARDIAN, ETC., APPELLANT, v. THE CITY OF BENICIA, RESPONDENT.

MUNICIPAL CORPORATIONS — LIABILITY FOR DAMAGES — NUISANCE — PREVENTION OF FLOW OF SURFACE WATER — RAISING STREET TO ESTABLISHED GRADE. — A municipal corporation is not liable for damages caused by the prevention of the flow of surface water from the lot of a private owner, by reason of the raising of a street to the grade established by law, where such surface water does not run in a natural channel across the lot.

ID. — REMEDY FOR NUISANCE. — The nuisance is on the lot, and not in the street, and the only remedy to prevent the accumulation of the water is by the owner's raising the lot to a level with the street, which the city is not bound to do, and not by an action against the city to abate the nuisance and for damages.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion.

*John A. McKenna*, for Appellant.

The municipality is guilty of maintaining a nuisance, and must respond to the property owner for all damages suffered thereby. (See *Nevins* v. *City of Peoria*, 41 Ill. 502; 89 Am. Dec. 392; *Gillison* v. *City of Charleston*, 16

W. Va. 282; 37 Am. Rep. 774; *Ashley* v. *City of Port Huron*, 35 Mich. 296; 24 Am. Rep. 552; *Torrey* v. *City of Scranton*, 133 Pa. St. 173; *Rice* v. *Mayor of City of Flint*, 67 Mich. 401; *Seifert* v. *City of Brooklyn*, 101 N. Y. 143; 54 Am. Rep. 664; *Adams* v. *Walker*, 34 Conn. 466; 91 Am. Dec. 742; *City of Aurora* v. *Reed*, 57 Ill. 20; 11 Am. Rep. 1; *Inman* v. *Tripp*, 11 R. I. 520; 23 Am. Rep. 520; *West Orange* v. *Field*, 37 N. J. Eq. 600; 45 Am. Rep. 670; *Byrnes* v. *Cohoes*, 67 N. Y. 204; *Noonan* v. *Albany*, 79 N. Y. 470; 35 Am. Rep. 540; *Rhodes* v. *City of Cincinnati*, 10 Ohio, 161; *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166.) The wrongful acts alleged in plaintiff's complaint constitute a continuous nuisance. (*Conniff* v. *San Francisco*, 67 Cal. 45; *Smith* v. *Atlanta*, 75 Ga. 111; *Reid* v. *City of Atlanta*, 73 Ga. 525; *Phinizy* v. *City Council of Augusta*, 47 Ga. 266; *Learned* v. *Castle*, 78 Cal. 460; *Woodruff* v. *North Bloomfield Mining Co.*, 1 West Coast Rep. 183, 222, 234; *Baldwin* v. *Calkins*, 10 Wend. 179; *Seifert* v. *City of Brooklyn*, 101 N. Y. 136; 54 Am. Rep. 664.)

*Matt Clarken, L. B. Misner*, and *John Lynch*, for Respondent.

The amended complaint does not state facts sufficient to constitute a cause of action. It must be shown that a natural bed or channel of a stream has been obstructed, not merely lowland, or a slough over which the water flows. (*Chicago K. & W. R. Co.* v. *Morrow*, 42 Kan. 339; *Palmer* v. *Waddell*, 22 Kan. 352; *Gibbs* v. *Williams*, 25 Kan. 214; 37 Am. Rep. 241.) The following cases are also to the same point: *Hoyt* v. *City of Hudson*, 27 Wis. 656; 9 Am. Rep. 473; *Waters* v. *Village of Bay View*, 61 Wis. 642; *Simmon* v. *Winters*, 21 Or. 35; *St. Louis I. M. & S. R'y Co.* v. *Schneider*, 30 Mo. App. 620; *Gould* v. *Booth*, 66 N. Y. 62; *Lynch* v. *Mayor*, 76 N. Y. 60; 32 Am. Rep. 271; Washburn on Easements, 209, 210; Gould on Waters, secs. 260, 263, 268, 269; 2 Dillon on Municipal Corportions, secs. 1043–1045; *Imler* v. *Springfield*, 55 Mo. 119; Wood on Nuisances, secs. 338, 386; Angell on Watercourses, sec. 4. The right of a land-owner in the

case of surface or surplus waters, differs from the right which he holds in the case of waters flowing through watercourses. And a further distinction exists, as to those rights in such cases, between agricultural lands and land including streets in a municipality. (6 Am. & Eng. Ency. of Law, 539, and authorities cited, notes 3, 4; Cooley on Torts, 576.) No public nuisance is shown. One must be shown to exist, and plaintiff must be specially injured by it. (Civ. Code, sec. 3493; Wood on Nuisances, 897.) Plaintiff has not and cannot acquire an easement to flow surface water on the public street. (*Orena* v. *Santa Barbara*, 91 Cal. 621.) Nothing done or maintained under the express authority of the statute can be deemed a nuisance. (Civ. Code. sec. 3482; *Pasadena* v. *Stimson*, 91 Cal. 238.)

FOOTE, C. — This an action to abate a nuisance, and for damages. A demurrer was filed to the complaint, one of the grounds of which is, that it did not contain facts sufficient to show a cause of action. The demurrer was sustained, and the plaintiff declining to amend the complaint, judgment was given and made for the defendant, from which this appeal is taken.

It is plain that the alleged nuisance in this case arose from the prevention of the flow of surface water from the defendant's lot down to a swamp adjacent to the straits of Carquinez, by the raising of the grade of a street of defendant, a municipal corporation. This improvement of the street was made in accordance with lawful authority, unless it be held that the backing up on plaintiff's lot of this surface water, by raising of the grade of the street, made the city liable in damages for the creation of a nuisance in the shape of pools of water, which, it is alleged, were thus created on plaintiff's land. It has been held in this state, in *Conniff* v. *San Francisco*, 67 Cal. 25, that embanking and damming the natural channel for the escape of water so as to force it back upon a private owner's lot would render the city liable, but it was also conceded by the decision in that case, at

page 48, that such a corporation would not be responsible for damages caused by the gathering of "the surface waters not running in a natural channel produced by the raising of a street to the grade established by law." So the law is held to be in 2 Dillon on Municipal Corporations, sec. 1039; *Waters* v. *Village of Bay View*, 61 Wis. 644; *Henderson* v. *City*, 32 Minn. 319; *Stewart* v. *City of Clinton*, 79 Mo. 612; *Clark* v. *City of Wilmington*, 5 Harr. (Del.) 244. In which last case it is said: "The collection of water on lots which are below the grades of new streets is inevitable, and, excepting the case of a running stream, the city would have no power, and it is not legally bound, to draw off the water. . . . . The nuisance is not in the street, but on the lot, and the remedy is by raising the lot to a level with the street, which the city is not bound to do."

From this view of the matter, it is clear that the demurrer was properly sustained, and that the judgment ought to be affirmed, and we so advise.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., GAROUTTE, J., HARRISON, J.

Hearing in Bank denied.