[S. F. No. 982.   Department One.—May 31, 1899.]

CHARLES LAMPE, Appellant, v. CITY AND COUNTY OF
SAN FRANCISCO, Respondent.

LIABILITY OF MUNICIPAL CORPORATION—GRADING OF STREET—OBSTRUCTION
OF SURFACE WATER.—A municipal corporation is not liable for dam-
ages resulting from the construction of an embankment in the
grading of a street, which merely causes the surface water up-
on the lot of the plaintiff situated below the level of the graded
street to accumulate thereupon, instead of flowing freely there-
from, as before the grading of the street, where it does not
appear that the water flowed therefrom in a well-defined chan-
nel, or that accumulated surface waters were turned from other
lands upon the lot of the plaintiff.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   William R. Daingerfield,
Judge.

The facts are stated in the opinion.

T. M. Osmont, and Frank J. French, for Appellant.

Harry T. Creswell, City and County Attorney, and W. I.
Brobeck, Assistant, for Respondent.

COOPER, C.—Action to recover damages from defendant.
Demurrer sustained to complaint.   Plaintiff declined to amend
and judgment was entered for defendant.   This appeal is from
the judgment.   The complaint, after alleging that defendant
is a municipal corporation, states that defendant, in accord-
ance with law, established the official grade of Sanchez street,
between Liberty and Twenty-first streets, and thereafter pro-
ceeded to fill in and raise said Sanchez street about five feet
above its natural and original grade, and about five feet above
the natural level of plaintiff's lot, thus causing an embankment
about five feet high in front of the lot of plaintiff.   It is
stated in said complaint:

"That by reason of said embankment so raised in said street,
the natural flow of the surface and other waters from plaintiff's
lot is impeded, and the waters from the premises above and
adjoining plaintiff's said premises flow upon plaintiff's afore-

said lot; that by reason thereof the basement of plaintiff's said dwelling has become, and remains, damp and unwholesome, and the water does not flow off as freely as it had done prior to the grading of said street, but accumulates on plaintiff's said lot, and the healthfulness and comfort of said house and premises as a dwelling has been greatly impaired, to plaintiff's great injury and damage."

The complaint further alleges damage by reason of a sewer and foul odors therefrom. The demurrer was upon three grounds: 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That it is ambiguous, uncertain, et cetera; and 3. That there is a misjoinder of causes of action united in the same count, and not separately stated. Counsel for appellant, in their brief, say that no damage is claimed and no relief is asked on account of the sewer, and that the allegations of the complaint as to the sewer may be treated as surplusage. We will, in discussing the case, adopt this view, and thus the only question left is as to whether or not the complaint states facts sufficient to constitute a cause of action. The portion of the complaint before quoted is the material part. As we understand it, damages are claimed because the grading of the street, which is the property of defendant, prevents the surface water from flowing off the lands of the plaintiff and onto the lands of defendant as it had been wont to flow. The question is as to whether or not defendant is liable for damages caused by the obstruction of the flow of surface waters from the lands of plaintiff, occasioned by the necessary and lawful grading of defendant's street in front of plaintiff's said lands. Upon the solution of this question depends the result as to whether or not this judgment shall be affirmed. In 2 Dillon on Municipal Corporations, section 1039, the rule is stated: "As to surface water, quite different principles apply. This the law very largely regards (as Lord Tenterden, in an analogous case, phrased it) as a common enemy which every proprietor may fight or get rid of as best he may. The reports contain many instances in which it has been sought to make municipal corporations liable for damages caused in various ways by surface water to private property. Reference will first be made to cases in which the work of grading or improve-

ing the streets has been the cause of the injury. Where the damage has resulted solely as a consequence of the proper execution of a legal power by the corporation, it falls within the principles already discussed, and there is no implied liability therefor." Section 1042: "We agree to the doctrine that the municipality is not bound to protect from surface water those who may be so unfortunate as to own property below the level of the street." The authority quoted is supported by a long line of decisions both in this country and in England. (Gould on Waters, secs. 263, 269; *Clark v. City of Wilmington*, 5 Harr. (Del.) 243; *Waters v. Village of Bay View*, 61 Wis. 642; *Lynch v. New York*, 76 N. Y. 60; 32 Am. Rep. 271.) It was expressly so held by this court in *Corcoran v. City of Benicia*, 96 Cal. 1; 31 Am. St. Rep. 171; *Los Angeles C. Assn. v. Los Angeles*, 103 Cal. 467.) In the latter case it is said:

"The doctrine of the civil law, in reference to a servitude in the lower tenement in favor of the upper or dominant tenement, for the flow of surface water, has no application to lots held in cities and towns, where changes and alterations in the surface were essential to the enjoyment of such lots, and this rule has been very generally adopted in this country."

There is in some of the books an apparent exception to the general rule in that class of cases where the surface water, owing to the conformation of the country, has found for itself a definite channel in which it is accustomed to flow, in which class of cases it is said that the municipal corporation, in making an embankment while grading its streets, should erect a culvert or waterway so as not to obstruct the flow of the surface waters in their well-defined channel, but the case under discussion is not one of that class. Counsel for appellant, with apparent confidence, in their brief say: "That the complaint states facts sufficient to constitute a cause of action is settled in *Stanford v. San Francisco*, 111 Cal. 198." We have carefully examined that case and find nothing in it in conflict with what is herein stated. The question is that case was as to whether or not the city was liable for damage caused by the accumulation of surface water which was the necessary consequence of paving the streets. It appeared that by reason of the grading of the street large quantities of surface water ac-

cumulated and broke over the curbing and ran into the basement occupied by the plaintiff. In the opinion, after discussing the principle upon which the city was held liable, it is said: "Nor is this case within that numerous class of cases where it is held with almost entire unanimity that a municipality is not bound to protect from surface water those who may be so unfortunate as to own property below the level of the street." In this case there is no allegation that the grading of the street caused surface waters to accumulate in unusual quantities, and that such surface waters were turned upon the lands of plaintiff.

From these views it follows that the judgment should be affirmed, and we so advise.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion thereon on July 1, 1899:

BEATTY, C. J., dissenting.—Having dissented from the order denying a rehearing of this case, I wish to state that my reason for so doing is that this opportunity for reviewing and if possible reconciling a series of apparently conflicting decisions upon a question of vital importance should not be lost. This case, in my opinion, is in conflict with *Eachus v. Railway Co.*, 103 Cal. 614, as that was in conflict with *Corcoran v. Benicia*, 96 Cal. 1. In the Corcoran case, as in this case, it was held that the plaintiff had no right of action. In the Eachus case, *supra,* it was held that he did have a right of action, and if, as I contend, the three cases are all governed by the same principle, it is time that the court should plainly declare what the rule is with respect to the right to damages in all cases, or what the distinction is between the two classes of cases if there is a distinction.

It is held that the owner of a low lot flooded with surface water by the grading of a street is entitled to no compensation

for the damage. At the same time it is held that the owner of a high lot made difficult of access by lowering the surface of the street to bring it to the established grade is entitled to damages. Why this difference? It is the established law of California that the owner of higher land has an easement for the natural discharge of surface water upon the lower land adjoining, and the right of access to one's land over a highway is but an easement. The two rights, although not identical, are of the same nature and are equally entitled to be protected from unlawful invasion. Why is it, then, that a city may, with impunity, destroy one right by bringing a street to the established grade, when for infringing the other right by doing the same thing it must make compensation? This is a question which has not been answered thus far, but it is a question for which an answer ought to be found if such opposite rules of decision are to prevail.

The only substantial reason ever assigned for denying compensation to the owner of a low lot flooded with surface water by raising a street to the established grade is that he acquires his lot with knowledge that the city has power to establish a grade for its streets to which the surface of the lots must be made to conform, and this reason applies with as much force to the lowering of the natural surface as to the raising of it, and to any consequential injury from either cause. If it is a good reason for denying damages to the owner of the low lot for flooding, it is equally conclusive against any allowance of damages to the owner of the high lot by making it inconvenient of access. Whatever the rule is, it ought to be the rule for every like case.