[Civ. No. 6767. Second Appellate District, Division Two.—May 25, 1931.]

LORENZO A. WHITE et Ux., Respondents, v. THE CITY OF SANTA MONICA (a Municipal Corporation), Appellant.

Chester L. Coffin, City Attorney, Cornelius W. McInerny, Deputy City Attorney, and Orlando H. Rhodes, Assistant City Attorney, for Appellant.

Walter S. McEachern and Raymond G. Thompson for Respondents.

CRAIG, J.—The City of Santa Monica, a municipal corporation, appealed from a judgment in favor of the plaintiffs in an action for damages alleged to have been sustained by the diversion of water on to the lands of the latter.

The facts material to the controversy are undisputed, it being solely a question of law as to whether or not a municipality is liable in damages upon facts such as found by the trial court. Appellant raised the grade and paving of a street upon which property of respondents abutted, and which was approximately of the same elevation or grade level as the street prior to such improvement. All work was executed in accordance with plans and specifications, and was legal and regular. In doing the work appellant caused a depression or natural watercourse to be filled in to such an extent as to prevent flood waters from draining off, without constructing a culvert or drain, and the waters were "caught, retained, held and impounded in such a way that said flood waters were forced over and across plaintiffs' property".

It is contended that a municipal corporation is not liable in damages for the negligent performance of a governmental function, and that respondents are estopped to complain because of their failure to object to the proposed grade or modification of grade as required by section 3 of the Street Improvement Act of 1911.

The obvious answer to this latter contention is that the respondents could not be said to have contemplated a nuisance, and that they had no objection to legal and proper improvements which might be installed in accordance with established principles of law.

We think the present controversy arises more through confusion of these principles by the parties than from real conflict of authorities. Surface waters are largely regarded by the law as a common enemy, and where damage results solely as a consequence of the proper execution of a legal power of the municipality, there is no implied liability therefor. The city is not bound to protect from such waters those who may be so unfortunate as to own property below the level of the street. But where surface water has found for itself a definite channel in which it is accustomed to flow, the municipal corporation in grading streets should erect a culvert or waterway, so as to maintain such channel in its well-defined course. (*Lampe* v. *San Francisco*, 124 Cal. 546 [57 Pac. 461, 1001].) In *Stanford* v. *San Francisco*, 111 Cal. 198 [43 Pac. 605], the Supreme Court considered numerous decisions in this and other jurisdictions, and the works of eminent text-writers, from which the quoted rules following were cited as controlling in this state. "It is possible there may be no middle ground, but we are unable to assent to the doctrine that by reason of their [municipal corporations'] control over streets, and the power to grade and improve them, the corporate authorities have the absolute and unconditional legal right intentionally to divert the water therefrom, as a mode of protecting the streets, and to discharge it by artificial means, in increasing quantities, and with collective force and destructiveness, upon the property, perhaps improved and occupied, of the adjoining owner." In such cases, it is said, "if the necessity for the drainage is caused by the city, the doctrine . . . that it is not bound to supply the drainage does not apply". "This principle has been uniformly applied to the act of such corporations in constructing streets, sewers, drains, and gutters, whereby the surface waters of a large territory, which did not naturally flow in that direction, were gathered into a body, and thus precipitated upon the premises of an individual, occasioning damage thereto." There is no dispute of the

finding in the instant case that by reason of the City of Santa Monica causing a natural depression or watercourse to be filled in, without provision for other means of flow, waters were turned from a natural channel upon the respondents' property. From the facts as found, and the established rule in such cases, liability becomes so manifest in this case that incidental considerations suggested by appellant become inconsequential.

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1931.