MAE E. BURNHAM *vs.* RALPH W. BURNHAM.

Lincoln.     Opinion July 12, 1933.

**114**

*Weston M. Hilton*, for plaintiff.
*George A. Cowan*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.  Action on the case to recover damages for the obstruction of a discontinued town way located on the defendant's land. The case is reported on an agreed statement of facts.

The piece of road in controversy, although formerly a part of the highway leading from Damariscotta to Boothbay in Lincoln County, was discontinued as a public way on March 14, 1932, when a new road was constructed just south of the old highway location. The plaintiff is the owner of a private right of way which, until the road was discontinued, joined it near the defendant's house. She has used her right of way and, in connection with it, the discontinued public way for more than twenty years for travel and for hauling wood and lumber to her home. The defendant owned the fee in the land on which the old way was located and the title remained in him when it was discontinued. He now bars the plaintiff's passage over this land by a ditch and barrier.

It is stated that the road in controversy was discontinued by vote of the Town of Boothbay at its annual town meeting, and it can be assumed that there was due compliance with all necessary formalities. By this relinquishment of the public easement, the road ceased to exist and the rights of the owner of the fee in the land upon which it was located, which had been suspended during

its existence, were revived and the land was his, discharged of the public easement. *White* v. *Bradley*, 66 Me., 261.

It is agreed that the plaintiff had no right of way over the land on which the old road was located prior to its establishment. While it existed as a public way, she enjoyed the right to use the public easement in common with others, but her use of the street for purposes of travel during that period did not give her a private right of way. *Black* v. *O'Hara*, 54 Conn., 17; *Quincy* v. *Jones*, 76 Ill., 231; *Steamboat Company* v. *Fall River*, 187 Mass., 45; *Webster* v. *Lowell*, 142 Mass., 324, 341; *Wheeler* v. *Clark*, 58 N. Y., 267; *Whaley* v. *Stevens*, 27 S. C., 549, 561.

The plaintiff gained title to her private right of way by prescription, using the same for more than twenty years with the knowledge and acquiescence of the owner of the servient estate. This was determined in *Burnham* v. *Burnham*, 130 Me., 409. Since prescription presupposes a grant which is lost, the proof of the nature of the grant is to be found in use, and the extent of the right acquired is fixed and determined by the user in which it originated. "It is only from the fact that possession amounting to a continuous claim of title has been acquiesced in for the period necessary to give a prescriptive right that the presumption of a grant is afforded. It is obvious, therefore, that the presumed grant can never extend further than the user in which the other party has acquiesced." 9 R. C. L., 788. See *Bowers* v. *Barrett*, 85 Me., 382, 386; *Baldwin* v. *Boston & Maine Railroad*, 181 Mass., 166; *Note Company* v. *Elevated Railroad*, 129 N. Y., 252.

The plaintiff's private right of way as established by prescription, on this record, terminated at the old road. *Burnham* v. *Burnham*, supra. It was not extended by her user of the public way which it entered. We find no principle of law upon which it can be held that the discontinuance of the public easement enlarged the private easement which the plaintiff had then acquired. Upon substantially similar facts, the extension of a private right of way across the location of a discontinued road to which it ran is denied. *Morse* v. *Benson*, 151 Mass., 440. In principle, the case at bar is analogous.

*Judgment for the defendant.*