[L. A. No. 17614.   In Bank.   Nov. 14, 1941.]

JAMIE O'HARA et al., Appellants, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent.

Joseph K. Coady and Henry K. Elder for Appellants.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, and Arthur S. Loveland, Deputy County Counsel, for Respondent.

TRAYNOR, J.—Plaintiffs are the owners of certain land in Los Angeles County near the Los Angeles River. The Los Angeles County Flood Control District replaced the low permeable dikes that bordered the river with concrete levees, and constructed a concrete embankment running at right angles to the levees away from the river. These improvements, constructed for the purpose of flood control, increased the velocity of the water flowing in the river by preventing it from spreading out over adjoining lands, and obstructed the drainage of surface waters into the river. The only provision for drainage of the area created by the levee and the embankment was a four foot culvert opening into the river at a point near the junction of the levee and the embankment. On March 2, 1938, a heavy rainstorm occurred. The water flowed in the river at a speed heightened by defendant's improvements, burst through the river banks and damaged plaintiffs' property. The surface waters, prevented by defendant's improvements from draining into the river, flooded plaintiffs' land. Plaintiffs thereupon brought this action against the flood control district, claiming the

right to recover damages under article I, section 14 of the California Constitution. Defendant's demurrer to the complaint was sustained, and plaintiffs have appealed after refusing to amend.

■ Compensation for private property taken or damaged for a public use must be made under article I, section 14, only when the taking or damaging of property is not so essential to the public health, safety, and morals as to be justified under the "police power," and the injury is one which would give rise to a cause of action on the part of the owner if it were inflicted by a private person. (*Archer* v. *City of Los Angeles, ante,* p. 19 [119 Pac. (2d) 1], this day decided.)

■ A lower riparian owner has no redress for injury to his land caused by improvements in the stream when there has been no diversion of water out of its natural channel. (*Archer* v. *City of Los Angeles, supra.*) ■ The present complaint, therefore, does not state a good cause of action against the defendant for injuries caused by the overflow of the water flowing in the stream.

■ In California a private land owner may not obstruct the flow of surface waters that naturally drain across his property from adjoining land. (*Los Angeles Cemetery Association* v. *City of Los Angeles,* 103 Cal. 461 [37 Pac. 375].)

■ In the present case the plaintiffs would therefore have a cause of action against a private person who obstructed the flow of surface waters from their land. A governmental agency, however, in constructing public improvements such as streets and highways, may validly exercise its "police power" to obstruct the flow of surface waters not running in a natural channel without making compensation for the resulting damage. (*Corcoran* v. *City of Benicia,* 96 Cal. 1 [30 Pac. 798, 31 Am. St. Rep. 171] ; *Conniff* v. *San Francisco,* 67 Cal. 45 [7 Pac. 41] ; *Jefferis* v. *City of Monterey Park,* 14 Cal. App. (2d) 113 [57 Pac. (2d) 1374] ; *Lampe* v. *San Francisco,* 124 Cal. 546 [57 Pac. 461, 1001] ; see 7 So. Cal. L. Rev. 295 et seq.) The construction of improvements along a stream for purposes of flood control is no less essential to the public health and safety than the grading of streets (see *Gray* v. *Reclamation District,* 174 Cal. 622 [163 Pac. 1024] ; *Lamb* v. *Reclamation District,* 73 Cal. 125 [14 Pac. 625, 2 Am. St. Rep. 775] ; *Jackson* v. *United States,* 230 U. S.

1 [33 Sup. Ct. 1011, 57 L. Ed. 1363]; *Hughes* v. *United States,* 230 U. S. 24 [33 Sup. Ct. 1019, 57 L. Ed. 1374]; *Franklin* v. *United States,* 101 Fed. (2d) 459), and a governmental agency should no more be liable in the one case than in the other for obstructing surface waters. Plaintiffs do not allege that the obstructed surface waters were flowing in a natural channel. The defendant therefore is under no obligation to compensate for the damage caused by the obstruction.

Plaintiffs admit that the improvements were constructed by the defendant for the purpose of flood control and the facts alleged in plaintiffs' complaint have been accepted as true. It therefore appears as a matter of law that defendant was properly exercising its police power and there is no reason for returning the case to the lower court for trial. Likewise there is no basis for giving plaintiffs another opportunity to amend their complaint. By declining to amend after the sustaining of the demurrer by the trial court, plaintiffs took the position that whatever facts they might prove in support of their action were alleged in the complaint and they voluntarily based their case upon the demurrer. (*Goldtree* v. *Spreckels,* 135 Cal. 666, 672 [67 Pac. 1091]; *Sutter* v. *San Francisco,* 36 Cal. 112, 116, 117.)

The judgment of the trial court is affirmed.

Gibson, C. J., Shenk, J., and Edmonds, J., concurred.

CARTER, J., Dissenting.—I dissent.

The majority decision is predicated on the police power doctrine and the main authority cited therefor in *Archer* v. *City of Los Angeles,* L. A. Nos. 17,612 and 17,613 (*ante,* p. 19 [119 Pac. (2d) 1]), this day decided. I pointed out in my dissent in those cases that although the majority opinion discussed the police power, it came to no conclusion in regard to its application to those cases; that discussion was *dictum.* In the instant case that *dictum* is the only authority relied upon for the majority decision. This is a practical illustration from a theoretical standpoint of "lifting one's self by his own bootstraps." That is, a *dictum* is set forth in one case to be used as authority for the decision in another case decided at the same time. This process is rendered even more obnoxious when the *dictum* is unsound, as is the case here.

In my dissenting opinion in the Allison and Archer cases, I have endeavored to point out the inapplicability of the police power doctrine to a factual situation where property has been taken or damaged for a public improvement such as in the case at bar. What I said there is applicable to the case at bar, and for the reasons there given and under the authorities there cited, the judgment in the case at bar should be reversed.

Curtis, J., concurred.

Appellants' petition for a rehearing was denied December 12, 1941. Curtis, J., and Carter, J., voted for a rehearing. Houser, J., did not participate therein. Spence, J., acting *pro tem.*