[Civ. No. 18824.   Second Dist., Div. Two.   Apr. 28, 1952.]

GEORGE WOO et al., Respondents, v. JAMES L. MARTZ et al., Appellants.

J. Clifford Argue and John M. Davenport for Appellants.

John A. Jorgenson for Respondents.

MOORE, P. J.—This action was instituted to enforce an asserted easement for the discharge of storm waters over appellants' lands adjacent to the tract held under lease by respondents and for damages to the latter resulting from loss of crops that perished under the waters diverted by appellants from their established course.

In 1942 respondents Woo leased from one Raymond Hails about 51 acres of agricultural lands in the Dominguez Colony Tract in Los Angeles County. The lands were promptly planted to garden truck which by January, 1943, attained commercial maturity with a value of $6,100. The following season a new crop was planted which likewise became of marketable age in January, 1944, with a value of $1,800. Both crops were destroyed by the surface waters so diverted by appellants. This action demanded judgment for the total loss and for an injunction requiring appellants to remove the embankment which diverted the flood waters from the easement and caused them to be impounded on respondents' lands. Relief was denied by the trial court. The Supreme Court reversed the judgment because of the failure of the trial court to make a finding on the issue of a possible prescriptive right in plaintiffs to channel surface waters onto defendants' lands. (*Woo* v. *Martz*, 28 Cal.2d 866 [172 P.2d 54].) A second trial resulted favorable to Woo in the finding that plaintiffs were holders of a prescriptive easement and in judgment quieting title to the easement and for the value of the destroyed crops.

As ground for reversal, appellants now urge the insufficiency of the evidence to support the finding (1) of such prescriptive easement, (2) that Martz caused the destruction of respondents' crops, (3) that the use of appellants' lands by respondents was hostile and adverse.

The details with reference to the titles, leases, tenants, dikes and ditches, drainage, neighboring lands etc. are meticulously set forth in an opinion by Mr. Justice Parker Wood in *Hails*

v. *Martz*, (Cal.App.) 164 P.2d 834. The court below having determined that Woo enjoys a prescriptive easement in the lands of appellants for diverting storm waters that would otherwise flood the lands of respondents it is now the task of this court to determine whether the evidence was sufficient to support such finding.

## The Evidence

The acres occupied by respondents belong to Mr. Hails. They are adjoined on the west by the 80-acre tract of appellants. Both properties slope slightly toward the southwest. Both properties are bounded on the north by Del Amo Street. North of that street lies the 235-acre tract of the Del Amo estate. On that estate the Pacific Electric Railway Company maintains a spur track erected on an embankment about 17 feet high which crosses the estate lands at a short distance from, and parallel to Del Amo Street. North of the spur track the lands are higher than the acres south of the street and their storm waters collect in a swale or valley, the mouth of which is directly north of the Woo farm at its northwest corner. At the time of the construction of the embankment (1927) two culverts were placed in it for the purpose of carrying the rain waters from the estate lands.

In 1924 while the Hails tract was owned by Mr. Cruz, one Marconi, then a tenant of the same land, erected an embankment along the north boundary which was later enlarged and improved by the county and thereafter known as the county dike. At the same time Marconi constructed a ditch immediately north of the embankment and along the south side of Del Amo Street extending it to the Martz boundary line, thence south several feet onto the Martz land. The water flowed through this ditch and onto the Martz land where it was diffused until January, 1926, when Marconi then a tenant of the Martz land also extended the ditch along an embankment entirely across the Martz property. From that time until 1942 water crossing Del Amo Street in front of respondents' property was carried across the Martz land in this ditch.

Shortly after respondents took the lease from Hails, appellants filled the ditch on their land. At about the same time they constructed an embankment along their east boundary line. These changes prevented the surface water from flowing onto the Martz land as it had done for years. When the flood water accumulated on Del Amo Street the county cut

the dike to prevent their backing up into the Del Amo swale. Thereafter, in an effort to prevent the water from spreading over the Hails land an embankment running southwesterly from the cut made in the dike by the county was erected on the property. During heavy rains in January, 1943, water broke through the embankments on both lands and spread over both properties.

In support of their contention that the evidence does not support the finding that an easement existed appellants urge that the evidence establishes without contradiction that the original use of their land by the occupants of the Hails land was permissive and never became adverse. They assert that at the time of the original invasion of the Martz acres there was a unity of ownership and control of the two tracts in Cruz and that such fact made the original invasion without hostility. There is no satisfactory proof that Cruz was lessee of the Martz land when Marconi constructed the drainage ditch in 1924. There was no written lease to Cruz nor did the widow or children of W. H. Martz testify to facts or circumstances that would prove the leasehold in Cruz. The circumstantial evidence is to the contrary. Since Cruz had seen the swale waters destroy his crops on the Hails land prior to 1924, it is inconceivable that, with his knowledge of the destructive force of such flood waters, he would have consented to their overflowing the Martz land. ▮ Inasmuch as the burden of proving the use of the Martz land for receiving the diverted waters as permissive was on appellants (17 Am.Jur. § 72, p. 981) it cannot be said that the trial court must necessarily have found a permissive use.

But if Cruz had been lessee of Martz at the time of the first invasion and if he had permitted the channeling of the surface waters, could he, as a tenant, have consented to the erosion, denudation and filling in of his lessor's land? Might he not with equal right have sold the top soil to another for rehabilitating distant lands? For a tenant to cause such a ditch as that of Marconi to be constructed might well have constituted waste since there was undoubtedly permanent damage to the freehold in the form of erosion or unprofitable deposition of foreign matter.

It follows that Cruz lacked authority to grant permission to another to lay waste to the Martz lands. Appellants propose that the controlling rule is that where the use has originated in permission, it is presumed to have continued as permissive until the consent or license is repudiated. Such

rule has no application since the evidence does not compel a finding that the original diversion of the waters was the result of a consensual agreement. ■ The only effect of any period of joint control of the two parcels of land would be to require deduction of this length of time in computing the prescriptive period. (See cases collected in 98 A.L.R. 591.) Therefore, since there is no claim of a joint control after 1929, the requisite period of adverse use to establish an easement (five years)* had elapsed prior to appellants' interference in 1942.

■ Appellants' final contention is that their actions in filling in the ditch and raising the embankments along the line between the properties was not the cause of the resulting damage to respondents' crops. Such contention is not maintainable in the light of the testimony of appellant James Martz that he filled the ditch for the very purpose of preventing the flow of waters to his land. Moreover, the act of the county in cutting the dike and thus contributing to the inundation of respondents' lands was reasonably foreseeable and necessarily a consequence to be effected by appellants' original wrong.

■ Proximate cause is ordinarily a question of fact and where the initial act is a substantial factor in bringing about the final harm it is proper to find liability on the part of the original actor. (*Gibson* v. *Garcia,* 96 Cal.App.2d 681, 685 [216 P.2d 119].)

It is also to be noted that the judgment may be supported on another theory for the court found that appellants erected embankments along their eastern boundary and that said dikes prevented the natural flow of water from respondents' land to the Martz acres. ■ Since under the civil law rule, effectually adopted in California, the lower owner may not obstruct the natural flow of surface waters to his land (*O'Hara* v. *Los Angeles County Flood etc. Dist.,* 19 Cal.2d 61, 63 [119 P.2d 23]) defendants would be liable in any event. The court found the natural flow to be from the Hails land westward to the Martz property although this was by way of a more circuitous route than provided by the artificial channel. These findings stand unchallenged and accordingly are presumed to have evidentiary support.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

*See Code of Civil Procedure, section 325; *Nelson* v. *Robinson,* 47 Cal.App.2d 520, 526 [118 P.2d 350].