276 P.2d 736

Herman ARCHIBECK, Plaintiff and Cross-Defendant-Appellant,

v.

Ben MONGIELLO, Defendant and Appellee,

Ben Mongiello and Madeline Mongiello, his wife, Claude Wheatley and Olive F. Wheatley, his wife; and Henry T. Wright and Anna La Vaughn Wright, his wife, Cross-Complainants and Appellees.

No. 5802.

Supreme Court of New Mexico.

Nov. 4, 1954.

Rehearing Denied Dec. 8, 1954.

Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellant.

Jethro S. Vaught, Jr., Thomas D. Schall, Albuquerque, for appellees.

COMPTON, Justice.

This appeal involves a controversy between the servient and dominate estate owners. Appellees are the owners of tracts 8, 9, and 10, of Casas Escondidas Addition, a Subdivision in School District 22, Bernalillo County. Appellant's land is to the south and adjacent thereto. There is a community irrigation ditch extending from west to east across appellees' tracts some 24 feet north of their south boundary line, from which appellant irrigates his land. On or about June 29, 1951, appellee Ben Mongiello removed a water gate box from the ditch, and appellant seeks to restrain appellee from interfering with him while replacing the same. Upon motion, the remaining appellees were permitted to intervene for the purpose of joining appellee Mongiello in a cross action. By cross-complaint, appellees allege that the plat of Casas Escondidas Addition shows a ditch easement running along the extreme southern boundary of their lands and that the irrigation ditch as presently located deprives them of the use thereof and also causes a dangerous hazard because of accumulation of weeds and debris. They seek an order to move the present ditch to the easement shown by the plat. There follows an allegation that to move the ditch

from its present location to the easement as shown by the plat, would not interfere or impair appellant's beneficial use of the water. They further allege that by reason of § 77–1405, N.M.Statutes, 1941 Comp., they are entitled to change the ditch from its present location to the easement, and pray for a declaratory judgment determining the rights of the parties. The affirmative matter was traversed and the cause was tried to the court. The court after having made findings concerning which there is no issue, made the following additional findings:

"IX. That heretofore, during the month of March in the year 1947, cross-complainants closed and covered said ditch and moved the same to a location within the easement shown on the plat of the property of said cross-complainants located in the Cases Escondidas Addition, filed on October 29, 1936. That said ditch remained within its location within said easement for a period of approximately three weeks prior to its being returned to its old location, following the threat of litigation given by the said Herman Archibeck.

"X. That cross-complainants desire and propose to move said irrigation ditch above-mentioned from its present location to a location within the easement provided for such ditch, without in any manner impairing or interferring with the right and ability of said cross-defendant, Herman Archibeck, to have beneficial use of said ditch.

"XI. That the said Herman Archibeck denies the right of cross-complainants to make the change of such location.

"XII. That an actual controversy exists between cross-complainants and cross-defendant with reference to the location of said ditch.

"XIII. That said cross-defendant, Herman Archibeck, will interfere with the proposed movement of said ditch from its present location to a location within the easement provided for such a ditch unless by the Court enjoined and restrained from doing so.

"XIV. That there has been a continuous use of said ditch for the purpose of irrigation for a period of five years by the said Herman Archibeck or his predecessors in interest.

"XV. That the rights of said cross-defendant, Herman Archibeck, in and to the use of said ditch arise by reason of the provisions of Section 77–1405, N.M.S.A., 1941 Compilation.

"XVI. That cross-complainants are entitled to move said irrigation ditch from its present location, to a location

within the easement relative to the same.

\* \* \* \* \* \*

"XIX. That the change of the location of said ditch proposed to be made by cross-complainants from its present location, to a location within the easement as shown on the Plat of the Casas Escondidas Addition, Filed October 29, 1936, will not interfere with the use of such ditch by the said cross-defendant, Herman Archibeck, for irrigation purposes."

The questions presented are, (a) when was the prescriptive easement established in the present ditch by appellant or his predecessors in title, and (b) whether an easement can be changed without consent of the dominant owner. We will discuss them in that order.

In 1922, there was a road opened for public use known as Popular Road or Popular Street, which separated the lands now owned by the opposing parties. Along the north side of Popular Road and parallel thereto, there was an irrigation ditch which was used to irrigate the adjacent lands, including the lands of the parties hereto. Subsequently, a resolution was passed by the Board of County Commissioners of Bernalillo County vacating Popular Road and as a consequence, the land embraced therein reverted to appellees or their predecessors in title. That there is confusion as to the date the ditch was first constructed and its exact location is understandable since the land was then in pasture and since has been platted into tracts and subdivisions. Also adding to the confusion was the abandonment of Popular Road. The abandonment of Popular Road now places the ditch 24 feet north of the boundary line between the contending parties. It seems reasonably clear, however, that the present ditch was first constructed in 1922 or possibly as late as 1924, and has been adversely and continuously used for irrigation of the adjacent properties since, except for some three weeks in March of 1947, when appellees destroyed the ditch, moved it south a few feet, and reconstructed it on the easement as shown by the Casas Escondidas Plat. It was later moved back to the original location following threats of litigation. It has been held by us that the period of use necessary to create an easement by prescription corresponds to the ten year statute of limitation as to land. Hester v. Sawyer, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536. It would therefore appear that the easement matured about 1932 and not later than 1934. But if the facts do not warrant this conclusion, there is undisputed evidence, substantial in character, that the ditch as presently located was used continuously for the purpose of irrigation for a period of more than five years immediately following the enact-

ment of ch. 65, L.1933, and prior to its amendment. Chapter 65, § 1, provides:

"Hereafter in all cases where there has been a continuous use of a ditch for the purposes of irrigation, for five years, it shall be *conclusively presumed* as between the parties, that a grant has been made by the owners of the land, *upon which such ditch is located,* for the use of the same." (Emphasis ours.)

In 1941, the act was amended by ch. 155, § 1, by adding thereto the following:

" '* * * provided that nothing herein contained shall be construed to prevent the owner of a servient estate from making any alterations, or changes in the location, of any ditch upon his land, so long as such alteration or change of location shall not interfere with the use of such ditch by the owner, or owners, of the dominant estate or estates.' "

The original act as amended, now appears as § 77-1405, 1941 Comp., upon which the trial court based his finding and conclusion that appellees were entitled to change the location. Obviously, the amendment is not controlling since the easement was established prior to its enactment.

Appellant requested the trial court to find that the ditch in question had been used continuously for irrigation for more than five years by appellant and his prede-

cessors in title prior to the 1941 amendment, which was refused. We think the requested finding was on a material issue and it was error for the court to refuse to make the requested finding. Hugh K. Gale Post, etc., v. Norris, 53 N.M. 58, 201 P.2d 777; Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921.

It is asserted that by reason of interrupted use, change in location and frequent abandonment of the ditch by appellant and his predecessors, prescriptive rights have been lost. We find no merit in this contention; the record fails to support the argument. It is true that for a period of three weeks during March 1947, the ditch was not used but this was caused by appellees destroying the ditch. Under such circumstances, such slight disuse did not terminate appellant's prescriptive right.

It is further contended that since the ditch is located entirely on appellees' lands, appellant is entitled only to the beneficial use of the water, and cases are cited to support the proposition. The contention is untenable; the statute itself plainly defines the right acquired as a grant by the servient owner to use the identical land over which the right is claimed. The cases cited are not in point.

It is our conclusion that the easement in question is a vested property right

and cannot be altered or changed without the consent of the dominant owners. This is the view of such eminent authority as 1 Thompson on Real Property, Per.Ed. (Easements) § 451:

"* * * The owner of the servient estate has the right to use the land in any manner that does not interfere with the easement, and the prescriptive right is limited to the use which brought *it into existence. The right of the* dominant owner can not extend further than the user in which the servient owner acquiesced. If the adverse user has established the right to a prescriptive easement which is free from obstruction, *such easement can not be burdened, changed, or lessened in any way by the owner of the servi- ent estate except with the consent of the holder of the easement.* It is a vested property right. * * *" (Emphasis ours.)

Also see Bridwell v. Beerman, 190 Ky. 227, 227 S.W. 165; Burnham v. Burnham, 132 Me. 113, 167 A. 693; Hawley v. Mc-Cabe, 117 Conn. 558, 169 A. 192; Lowry v. Carrier, 55 Mont. 392, 177 P. 756.

The cause will be reversed with direction to the lower court to enter judgment for appellant, and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.