441 P.2d 55

Aaron G. BAKER, Arthur S. Abram and Cordelia R. Abram, Plaintiffs-Appellees,

v.

Raymond J. HANSEN and Helen B. Hansen, Defendants-Appellants.

No. 8513.

Supreme Court of New Mexico.

May 20, 1968.

Florenceruth J. Brown, Santa Fe, for appellants.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellee Baker.

OPINION

COMPTON, Justice.

The main question presented on appeal is whether the district court erred in holding that appellees had acquired by prescription a right of way over the appellants' land, being a portion of exception 27, private claim 19, parcel 2, and exception 26, private claim 18, parcel 2 of San Juan Pueblo

Grant, situated between the Espanola-Taos Highway on the west and the Santa Cruz-San Juan Road on the east in Rio Arriba County.

Appellants are the owners of the east portion of the tract across which El Llano Irrigation Ditch flows from north to south. Appellees, separately, are the owners of portions of the tract to the west. A lateral ditch extends from El Llano Ditch westward along the north property line of the appellants' tract which the appellees used to irrigate their tracts. In 1961, the appellants purchased the tract, now owned by them, and closed the headgate on El Llano Ditch and destroyed the lateral ditch.

The appellees sought injunctive relief and damages resulting from the alleged unlawful acts of the appellants. Appellants answered claiming that appellees' use of the right of way across their land was permissive only. The cause was tried to the court and, from a judgment granting injunctive relief and awarding damages, the appellants are here asserting error.

The court found that appellees and their predecessors in title had continuously used the lateral ditch to carry water across the appellants' land to irrigate their tracts from August 1948 to May 1962; that such use was open, notorious, adverse and under claim of right. The court further found that such use by appellees was not permissive. Judgment was awarded accordingly, and the appellants appeal. The Abrams have not filed a brief on appeal but they are in the same situation as the appellee Baker.

The appellants contend that the evidence does not support a finding that the lateral ditch was used by appellees' predecessors in title during 1953 and that such disuse denies a prescriptive easement by adverse possession. When there is no specific period fixed by statute, we have held that the time required to establish an easement for a right of way by prescription corresponds to the local statute of limitations for acquiring land by adverse possession. Archibeck v. Mongiello, 58 N.M. 749, 276 P.

2d 736; Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536; Wilson v. Williams, 43 N.M. 173, 87 P.2d 683. There is testimony by the witness Pacheco that the lateral ditch had been used for 67 years whenever water was available. But, if the court erred in finding that the ditch was used in 1953, the error is harmless in view of the controlling statute. The applicable statute, § 75–14–5, N.M.S.A. 1953, in part, reads:

"Hereafter in all cases where there has been a continuous use of a ditch for the purposes of irrigation, for five [5] years, it shall be conclusively presumed as between the parties, that a grant has been made by the owners of the land, upon which such ditch is located, for the use of the same; * * *"

We conclude that the continuous use of the ditch by appellees and their predecessors for five years immediately prior to its destruction in 1962, constituted a grant of right of way across appellants' land. Archibeck v. Mongiello, supra; Hester v. Sawyers, supra; Wilson v. Williams, supra. The findings that appellees' use of the right of way across appellants' land was open, notorious, continuous, adverse and under claim of right and without permission of appellants or their predecessors, are supported by substantial evidence.

Appellants make the point that appellees' predecessors in title for a time had unity of possession of the entire tract and that such unity of possession bars any claim of right of way by prescription. This rule of law is not applicable. There was no unity of possession during the five-year period immediately prior to the time the ditch was destroyed by the appellants. See Woo v. Martz, 110 Cal. App.2d 559, 243 P.2d 131; Batson v. Smith, 211 Miss. 428, 51 So.2d 749; and 98 A.L.R. 591, where the cases are assembled.

The judgment should be affirmed, and it is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.