This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SANDRA GALLEGOS and**
**DAMACIO GALLEGOS,**

     Plaintiffs-Appellees,

v.                          **NO. 29,645**

**JUDY GONZALES, MANNIE J. TRUJILLO**
**and TOMMY F. TRUJILLO,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

David M. Stevens, Attorneys at Law, P.C.
William N. Griffin
Ruidoso, NM

for Appellees

The Rose Law Firm
Timothy L. Rose
Ruidoso, NM

for Appellants

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendants appeal from the district court judgment that Plaintiffs have a prescriptive easement. Our notice proposed to affirm, and Defendants filed a timely memorandum in opposition. We remain unpersuaded by Defendants' arguments, and therefore affirm.

**Issue (1):** Defendants continue to argue that the district court failed to properly instruct the jury as to the elements of prescriptive easement. **[DS 4; MIO 1]** In response to our notice, Defendants do not provide this Court with any additional facts or argument and, instead, elect to rely on the arguments set forth in their docketing statement. **[MIO 1]** Therefore, for the reasons provided in our notice, we affirm. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (providing that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement).

**Issue (2):** Defendants continue to argue that the district court abused its discretion in defining the scope of the easement. **[DS 5; MIO 1]** Defendants argue that the district court effectively divested Defendants of all use of their right to the land **[MIO 1]** and that they should be "able to use their land to any extent as they see

2

fit as long as they do not disrupt [Plaintiffs'] established easement." **[MIO 1]**

The district court ruled that "the existing fence shall remain in place" (emphasis omitted) **[RP 387; DS 5; MIO 1]** and that Defendant's use of the easement shall be "limited to emergency and occasional ingress for maintenance of their buildings, trees and fences, as is reasonable" and for "access to allow public service employees to maintain utilities." **[RP 387; DS 5; MIO 1]** The district court's ruling allows Defendants access to the easement for some purposes (emergency use, maintenance, access to utilities) **[RP 387]**, but does not allow Defendants to use the easement without restrictions or, as advocated by Defendants, "as they see fit." **[DS 5; MIO 1]**

As recognized in *Cunningham v. Otero County Electric Cooperative*, 114 N.M. 739, 743, 845 P.2d 833, 837 (Ct. App. 1992), "[t]he extent of an easement created by prescription is fixed by the use through which it was created." (internal quotation marks and citation omitted). Indeed, the district court's ruling that "Defendants shall make no use of the easement area that interferes in any way with the use of the easement by . . . Plaintiffs" **[RP 387]** is an entirely reasonable restriction on Defendants' use of the easement. *See generally Cox v. Hanlen*, 1998-NMCA-015, ¶ 20, 124 N.M. 529, 953 P.2d 294 (filed 1997) (holding that "[t]he possessor of land

3

subject to an easement created by prescription is privileged, as against the owner of the easement, to make such uses of the servient tenement as are not incompatible with the use authorized by the easement" (internal quotation marks and citation omitted)); *Archibeck v. Mongiello*, 58 N.M. 749, 754, 276 P.2d 736, 741 (1954) (recognizing that "[i]f the adverse user has established the right to a prescriptive easement which is free from obstruction, such easement can not be burdened, changed, or lessened in any way by the owner of the servient estate except with the consent of the holder of the easement [because] [i]t is a vested property right" (emphasis, internal quotation marks, and citation omitted)).

Moreover, although Defendants complain that the scope of the easement granted by the district court improperly infringes on their rights **[DS 5; MIO 1]**, Defendants have not specifically pointed to any activities they are precluded from conducting on the land in question that would not interfere with Plaintiffs' easement.

Accordingly, for all of the reasons set forth above and in our notice, we affirm the scope of the prescriptive easement granted to Plaintiffs.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**